IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCISCO MIGUEL SAENZ, | CIVIL NO. 21-00223 DKW-RT |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND |
| v. | |
| DEPARTMENT OF PUBLIC SAFETY, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff Francisco Miguel Saenz's ("Saenz") Complaint for Violation of Civil Rights ("Complaint") brought pursuant to 42 U.S.C. § 1983.[1] ECF No. 1. Saenz alleges in the Complaint that the Department of Public Safety ("DPS") and Warden Debra Taylor violated his right to the free exercise of religion under the First Amendment to the United States Constitution by denying him

---

[1] The court previously granted Saenz's Application to Proceed in District Court Without Prepaying Fees or Costs. *See* ECF No. 4.

"vegan food" and "cctv"[2] during his pretrial detention at the "Maui County Correctional Center"[3] in 2020.[4]  *Id.* at 4–5.

As explained below, the Eleventh Amendment bars Saenz's claims against the DPS and Warden Taylor in her official capacity.  The Complaint is therefore DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B), with partial leave to amend.  If Saenz wants this action to proceed, he must file an amended pleading by **June 11, 2021** that cures the deficiencies in his claims identified herein.

## I. SCREENING

The court conducts a pre-Answer screening of any case in which a plaintiff proceeds *in forma pauperis*.  *See* 28 U.S.C. § 1915(e)(2)(B).  During this screening, the court must dismiss any complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks damages from defendants who are immune from suit.  *See* 28 U.S.C. § 1915(e)(2)(B); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)

---

[2] The court understands "cctv" to be an abbreviation for closed-circuit television.  If Saenz is referring to something else, he should say so in any amended pleading that he might file.

[3] It appears that Saenz is referring to the Maui Community Correctional Center ("MCCC").  *See* Department of Public Safety, https://dps.hawaii.gov/mccc/ (last visited May 12, 2021).

[4] Saenz is no longer in custody.  *See* VINE, https://vinelink.com/classic/#/home/site/50000 (follow "Find An Offender" hyperlink; then search "Last Name" field for "Saenz" and "First Name" field for "Francisco") (last visited May 12, 2021).

(noting that 28 U.S.C. § 1915(e)(2)(B) is "directed at screening out meritless suits early on"); *see also Harris v. Harris*, 935 F.3d 670, 675 (9th Cir. 2019) (describing screening under 28 U.S.C. § 1915(e)(2)(B)).

In determining whether a complaint or any portion thereof should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the court applies the same standard as that under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12"). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) (per curiam). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See Iqbal*, 556 U.S. at 678. Although this plausibility standard does not equate to a "probability requirement," "it asks for more than sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Dent v. Nat'l Football League*, 968 F.3d 1126, 1130 (9th Cir. 2020) (same).

Rule 12 is read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8") when screening a complaint. Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to

'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citation omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*  (citation omitted) (brackets in original); *see also Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016) (same).

The court construes pro se litigants' pleadings liberally and affords them the benefit of any doubt.  *See Byrd*, 885 F.3d at 642.  Liberal construction of a pro se civil rights complaint, however, "may not supply essential elements of the claim that were not initially pled." *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014) (internal quotation marks and citation omitted).  Nor do district court judges have an "obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 42 U.S. 225, 231 (2004); *see also Eblacas v. Agbulos*, Civ. No. 18-00376 DKW-RLP, 2018 WL 5621954, at *2 (D. Haw. Oct. 30, 2018) ("While the court construes [the plaintiff's] allegations liberally and affords him the benefit of any doubt, it will not speculate about [the plaintiff's] claims, and has no obligation to

4

act as counsel or paralegal to pro se litigants." (internal quotation marks and citation omitted)).

The court cannot dismiss a pro se litigant's pleading without leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Before dismissing a pro se complaint, the court must provide the litigant with notice of the deficiencies in his complaint "to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks and citations omitted).

## II.  SAENZ'S CLAIMS[5]

Saenz alleges that Defendants violated his First Amendment right to the free exercise of religion during his pretrial detention at the MCCC between August 3, 2020 and October 16, 2020. ECF No. 1 at 3–5. Specifically, Saenz alleges that there was "no vegan food" or "cctv" at the MCCC. *Id.* at 5. Saenz seeks unspecified damages. *Id.*

---

[5] Saenz's factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

## III. **DISCUSSION**

### A. Legal Framework for Claims under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020). Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury." (citation omitted)). "'A person "subjects" another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

## B. Eleventh Amendment

Saenz names as Defendants the DPS and Warden Taylor in her official capacity.  ECF No. 1 at 1–2.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984).  It does not bar official-capacity suits against state officials for prospective relief to enjoin alleged ongoing violations of federal law.[6]  *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).  Nor does it bar suits for damages against state officials in their personal capacities.  *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Any claims against the DPS, a state department, are barred by the Eleventh Amendment and therefore DISMISSED with prejudice.  *See Blaisdell v. Haw. Dep't Pub. Safety*, 621 F. App'x 414, 415 (9th Cir. 2015) (mem.) ("The district court properly dismissed [the plaintiff's] action against the Hawaii Department of Public Safety because it is barred by the Eleventh Amendment.").  Likewise, any

---

[6] Saenz does not seek any prospective, injunctive relief in this action.

claims for money damages against Warden Taylor in her official capacity are barred by the Eleventh Amendment and DISMISSED with prejudice. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity.").

Saenz may amend his pleading, however, to name a proper defendant or defendants. To the extent Saenz seeks damages, he must name in his or her individual capacity a defendant or defendants who allegedly deprived him of rights secured by the Constitution or federal statutes. *See Mitchell*, 818 F.3d at 442 (explaining that the Eleventh Amendment does not "bar claims for damages against state officials in their *personal* capacities" (emphasis in original)). If Saenz decides to file an amended pleading, he must also consider the following legal standards.

### C. Supervisory Liability

Saenz names Warden Taylor as a Defendant. ECF No. 1 at 2. It appears that Saenz names Warden Taylor solely because of her supervisory position at the MCCC.

There is no *respondeat superior* liability under 42 U.S.C. § 1983. *Vazquez v. County of Kern*, 949 F.3d 1153, 1166 (9th Cir. 2020). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

"A supervisory official may be held liable under § 1983 only if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018) (internal quotation marks and citations omitted). "The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018) (internal quotation marks and citations omitted). "Thus, a supervisor may be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (internal quotation marks and citation omitted). A "claim that a supervisory official knew of unconstitutional conditions and culpable actions of his subordinates but failed to act amounts to acquiescence in the unconstitutional conduct of his subordinates and is sufficient to state a claim of

supervisory liability." *Keates*, 883 F.3d at 1243 (internal quotation marks and citation omitted).

Saenz does not allege that Warden Taylor was personally involved in a constitutional deprivation. Nor does Saenz allege a causal connection between any wrongful conduct by Warden Taylor and an unconstitutional violation. Warden Taylor cannot be named solely because of the warden's supervisory position at the MCCC. *See McGinnis v. Halawa Corr. Facility*, Civ. No. 20-00567 DKW-KJM, 2021 WL 1681077, at *5–6 (D. Haw. Apr. 28, 2021) ("If [plaintiff] chooses to file an amended pleading, he must clarify how [the warden] was personally involved in a constitutional deprivation or how [the warden's] conduct caused a constitutional injury.").

**D. First Amendment**

Saenz alleges that he was denied his First Amendment right to the free exercise of religion. ECF No. 1 at 3–5.

Pretrial detainees "retain at least those constitutional rights . . . enjoyed by convicted prisoners," including "freedom of . . . religion under the First and Fourteenth Amendments[.]" *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). Inmates therefore "retain the protections afforded by the First Amendment, 'including its directive that no law shall prohibit the free exercise of religion.'" *Shakur v*

*Schriro*, 514 F.3d 878, 883–84 (9th Cir. 2008) (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987)).

To implicate the Free Exercise Clause, a plaintiff must allege that the belief at issue is both "sincerely held" and "rooted in religious belief." *Walker v. Beard*, 789 F.3d 1125, 1138 (9th Cir. 2015) (internal quotation marks and citation omitted). Additionally, a plaintiff must allege that prison officials substantially burdened the practice of his religion. *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). "A substantial burden ... place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* at 1031–32 (citation omitted).

Even when a regulation or practice burdens an inmate's First Amendment rights, it may be upheld if it is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). This determination requires courts to consider: (1) whether there is a valid, rational connection between the regulation and the legitimate governmental interest; (2) whether there are alternative means of exercising the right that remain open to inmates; (3) the impact accommodation of the right will have on guards and other inmates, and on the allocation of prison resources; and (4) the absence of ready alternatives. *Id.* at 90.

Saenz fails to state a First Amendment Free Exercise claim for numerous reasons. First, he does not allege that he had a belief that was sincerely held and rooted in religious belief. *Walker*, 789 F.3d at 1138. While Saenz claims that there was "no vegan food" or "cctv" at the MCCC, ECF No. 1 at 5, he alleges no connection between these alleged deprivations and a sincerely held religious belief. Indeed, Saenz does not allege that he held religious beliefs of any kind. Second, Saenz does not allege that any alleged lack of vegan food or closed-circuit television substantially burdened his practice of religion. Finally, Saenz fails to state a claim because he does not say who he asked for these accommodations, when he did so, and how they responded. *See Penque v. Dep't of Pub. Safety*, Civ. No. 20-00338 DKW-WRP, 2020 WL 5984055, at *5 (D. Haw. Oct. 8, 2020) (dismissing free exercise claim where plaintiff failed to allege "when he requested a dietary accommodation, who denied his request, and how this denial burdened his religious practices").

## IV. <u>LEAVE TO AMEND</u>

The Complaint is DISMISSED with partial leave to amend. If Saenz, who no longer appears to be in custody, wants to nonetheless pursue his claims, he must file an amended pleading **on or before June 11, 2021**. Saenz may not expand his claims beyond those already alleged herein or add new claims, without explaining

how those new claims relate to the claims alleged in the original Complaint. Claims that do not properly relate to his original pleading are subject to dismissal.

Saenz must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading. An amended complaint must be short and plain and comply with Rule 8 of the Federal Rules of Civil Procedure. An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

## V. **CONCLUSION**

(1) The Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

(2) Saenz's claims against the DPS and Warden Taylor in her official capacity are DISMISSED with prejudice.

(3) If Saenz decides to pursue this action, he must file an amended pleading that cures the deficiencies in his claims on or before **June 11, 2021**.

(4) Failure to file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice.

IT IS SO ORDERED.

DATED: May 14, 2021 at Honolulu, Hawaii.



Derrick K. Watson
United States District Judge

---

*Saenz v. Department of Public Safety, et al.*; Civil No. 21-00223 DKW-RT; **ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND**